**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1598
_____

VERONICA YASMIN RAMIREZ-MATEO; D. P. F.-R.; G. Z. F.-R.; E. A. F.-R.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A216-179-042, -043, -044, & -045)
Immigration Judge:  Honorable John B. Carle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2025
_____

Before:  KRAUSE, PHIPPS, and FISHER, *Circuit Judges*

(Filed: December 26, 2025)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

In early 2018, a Guatemalan national entered this country with her three children without inspection or parole.  After removal proceedings were commenced against her, she sought several forms of relief from removal due in part to her fears of persecution that she alleges were on account of her status as a female business owner.  The Immigration Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

denied those requests for relief from removal, and she was no more successful on administrative appeal: the Board of Immigration Appeals expressly adopted the Immigration Judge's findings and issued a final order of removal. The Guatemalan national now challenges the agency's denial of her application for asylum. For the reasons below, we will deny her petition.

## BACKGROUND

Veronica Yasmin Ramirez-Mateo is a thirty-nine-year-old Guatemalan citizen who previously lived in the village of Ingeniero with her three children. There, she owned and operated a small convenience store that sold groceries and kitchen products.

Starting in the fall of 2016, crime became a problem for her business. One evening, after she had closed her shop but was still inside, an unknown man armed with a firearm appeared and demanded that she let him in. Ramirez-Mateo refused, and the man left without further incident.

About a year later, in October 2017, there was a series of incidents of crime related to her business. While Ramirez-Mateo was purchasing supplies in the nearby city of Chiquimula, three unknown men arrived at her store and demanded that Ramirez-Mateo's two children who were tending the store at the time sell an unknown product, suspected to be drugs, under threat of harm. One of the men brandished a pistol at Ramirez-Mateo's daughter. The same man approached Ramirez-Mateo's son the following day and placed a three-inch knife to the side of the son's throat while reiterating the same demands and threats. The day after, that man walked in front of the store, but he was never seen again.

A couple of months later, the evening of December 15, 2017, there was another incident. While Ramirez-Mateo was working in her store, an unknown Guatemalan man

2

pointed a gun at her and threatened her life if she did not give him money. She complied and gave him the 700 Guatemalan quetzales that she had earned that day.

Out of fear that the man would return, Ramirez-Mateo closed her business and after several weeks filed a police report. Instead of reopening her business, however, she left the country with her three children, and they entered the United States at or near Calexico, California, on or about January 25, 2018, without inspection or parole.

On March 8, 2018, the Department of Homeland Security initiated removal proceedings against Ramirez-Mateo and her three children. *See* 8 U.S.C. § 1182(a)(6)(A)(i); 8 C.F.R. § 1208.2(b) ("Immigration judges shall have exclusive jurisdiction over asylum applications filed by an alien who has been served a . . . Form I-862, Notice to Appear, after the charging document has been filed with the Immigration Court."). Ramirez-Mateo later filed a Form I-589 to apply for three forms of relief from removal: asylum, statutory withholding of removal, and relief under the Convention Against Torture.

The first two forms of relief, asylum and statutory withholding of removal, have some elements in common. Both require a showing of persecution on account of protected status.[1] For her protected status, Ramirez-Mateo asserted that she was a member of three closely related particular social groups meriting protection: female shopkeepers or store owners; female Guatemalan shopkeepers or store owners; and female Guatemalan business owners. *See* 8 U.S.C. § 1101(a)(42). The Immigration Judge concluded that those groups did not fall under the statute's requirements. The Immigration Judge also held that Ramirez-Mateo's membership in those groups was not one central reason for the alleged

---

[1] Asylum requires a showing of past persecution or a well-founded fear of persecution. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b). Statutory withholding requires a clear probability of persecution. *See INS v. Stevic*, 467 U.S. 407, 413 (1984).

3

persecution, so she failed to establish the required nexus between group membership and the harm feared. *See* 8 U.S.C. § 1158(b)(1)(B)(i). After providing another alternative reason for rejecting those forms of relief (her ability to safely relocate within Guatemala) and determining that Ramirez-Mateo did not make sufficient showings of the likelihood of being tortured upon her return to Guatemala to qualify for relief under the Convention Against Torture, the Immigration Judge entered an order of removal for Ramirez-Mateo and her children.

Ramirez-Mateo challenged that order through an administrative appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(3). The BIA expressly approved and adopted the Immigration Judge's reasoning, findings, and ultimate decision.

Ramirez-Mateo invoked the jurisdiction of this Court by filing a petition for review of that decision. *See* 8 U.S.C. § 1252(a)(1). She now challenges only the agency's determination denying her asylum, the sole form of relief that she may assert derivatively on behalf of her children.[2]

## DISCUSSION

The agency identified several independent reasons for denying Ramirez-Mateo's asylum request. *Cf. Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 482 (3d Cir. 2022) ("Where, as here, the BIA expressly adopts the reasoning of the IJ in issuing its own decision on the merits, we may review both decisions."). One of those was its factual finding on nexus, *viz.*, that her status as a female Guatemalan business owner or shopkeeper was not one central reason for her alleged persecution. That finding must be upheld on judicial review unless a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Alexander-Mendoza v. Att'y Gen.*, 55 F.4th

---

[2] *Compare* 8 U.S.C. § 1158(b)(3)(A), *with id.* § 1231(b)(3)(A), *and* 8 C.F.R. § 1208.16(c).

197, 207 (3d Cir. 2022).  And nothing compels a contrary nexus conclusion here.  There was little to suggest a common motive for any of the incidents that Ramirez-Mateo identifies, much less a common motive based on Ramirez-Mateo's being a female Guatemalan business owner or shopkeeper.  Because of that fatal flaw, she cannot succeed, and it is not necessary to address any of the other issues raised in Ramirez-Mateo's petition.

## CONCLUSION

For the above reasons, we will deny the petition.